UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.O. *a minor*,<br><br>Plaintiff,<br><br>v.<br><br>Fairfield-Suisun Unified School District, et al.,<br><br>Defendants. | No. 2:22-cv-01416-KJM-AC<br><br>ORDER |

Plaintiff A.O., a minor, brings this action against defendant Fairfeld-Suisun Unified School District under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973 (Section 504). Defendant moves to dismiss plaintiff's complaint. Mot., ECF No. 20. Plaintiff's petition for the appointment of a guardian ad litem also is pending before the court. Pet., ECF No. 23. The court **denies** both motions without prejudice for the reasons below.

I.   **FAILURE TO MEET AND CONFER**

Defendant did not seek to meet and confer prior to or during the briefing period. *See* Mot. This court's standing order requires attorneys to meet and confer with one another before they file motions. *See* Standing Order at 3, ECF No. 12-1; *Mollica v. County of Sacramento*, No. 19-2017,

1

2022 WL 15053335, at *1 (E.D. Cal. Oct. 26, 2022).  Attorneys who intend to file motions must "discuss thoroughly the substance of the contemplated motion and any potential resolution." Standing Order at 3.  "Counsel should discuss the issues sufficiently so that if a motion of any kind is filed . . . the briefing is directed only to those substantive issues requiring resolution by the court." *Id.*  If a motion is necessary after meeting and conferring, the moving party must include a certification by an attorney "that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts." *Id.* (emphasis omitted).

With respect to the motion pending in this case, the court is not willing to excuse noncompliance with its standing order.  "Meeting and conferring saves time and money for all involved—if done correctly.  Productive discussions spare both the moving and opposing party the time they would otherwise have devoted to writing unnecessary or ineffective arguments." *Mollica*, 2022 WL 15053335, at *1.  The court's requirement to meet and confer facilitates informal dispute resolution and thereby promotes judicial economy.  Here, there is no indication defendant even attempted to meet and confer.  Further, meeting and conferring would help narrow disputes as indicated by plaintiff's non-opposition to "A.O.'s parents lack of standing and request for their dismissal."  Opp'n at 1, ECF No. 25.  Because defendant's motion is not in compliance with the standing order, and the court finds meeting and conferring would be beneficial in this case, the court **denies without prejudice** defendant's motion to dismiss.

II.  **GUARDIAN AD LITEM**

Under Federal Rule of Civil Procedure 17(c)(1)(A), a general guardian may sue on behalf of a minor.  Fed. R. Civ. P. 17(c)(1)(A).  "[A] parent is a guardian who may so sue." *Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 13-01145, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013) (citation omitted); *see AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1052 (E.D. Cal. 2015) (quoting Black's Law Dictionary (10th ed. 2014)) ("A general guardian is '[a] guardian who has general care and control of the ward's person and estate.'").

Here, plaintiff moves the court for an order appointing his mother, Mary Osteraa, as his guardian ad litem.  While the petition is not properly noticed for a hearing as

2

required by Local Rule 230, *see* Min. Order, ECF No. 24, the court nonetheless finds the appointment of a guardian ad litem is not necessary at this time. The petition states A.O. has "no general guardian," but also states Mrs. Osteraa is his "mother, primary caretaker, and education rights holder." Pet. ¶¶ 2–3. From the records, it is unclear how his mother, who is also his primary caretaker, is not his general guardian. *See e.g.*, *J.F. v. San Diego Cnty. Unified Sch. Dist.*, No. 19-2495, 2020 WL 30435, at *1 (S.D. Cal. Jan. 2, 2020) (noting that if the parents had custody of their minor child and care for his needs, it is unclear why they are not his general guardians who can sue on his behalf). Accordingly, the petition is **denied without prejudice**.

### III.  CONCLUSION

For the reasons above, the court **denies defendant's motion to dismiss without prejudice.** If defendant wishes to renew its motion, it must first initiate and exhaust meeting and conferring regarding potential narrowing of disputes, including the issue of whether A.O.'s parents have standing. Defendant shall file its answer or renewed motion **within fourteen (14) days** of the filing date of this order.

The court also **denies plaintiff's petition for the appointment of a guardian ad litem without prejudice.** Plaintiff may re-file the petition as a motion with an explanation and citation to legal authority showing why appointment of his mother as guardian ad litem is necessary and appropriate in this case. Any such motion must comply with Local Rules 202 and 230. Alternatively, A.O. may file a notice making "a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor." E.D. Cal. L.R. 202(a). Any such motion or notice shall be **filed within fourteen (14) days** of the filing date of this order.

The court is concerned counsel for both plaintiff and defendant are not familiar with the Local Rules and this court's standing order. In addition to defendant's noncompliance with the standing order, the court also notes plaintiff's noncompliance with Local Rule 230. *See* Min. Orders, ECF Nos. 6 & 24. **Within seven (7) days** of the filing date of this order, **both counsel shall file a notice certifying that they have read and familiarized themselves with the Local**

3

**Rules and this court's standing order.**  The motion hearing on defendant's motion to dismiss and the status (pretrial scheduling) conference set for March 10, 2023 are **vacated**.  The status (pretrial scheduling) conference is **reset to April 27, 2023**.  The parties shall file a joint status report no later than April 13, 2023.

This order resolves ECF Nos. 5, 20 and 23.

IT IS SO ORDERED.

DATED:  March 3, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE