UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.O., by and through his parent and guardian ad litem, T.O. and M.O., individually, | No. 2:22-cv-01416-DJC-AC |
| Plaintiff, | ORDER |
| v. | |
| FAIRFIELD-SUISUN UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

Plaintiff brings the instant civil rights action against Defendant Fairfield-Suisun Unified School District alleging claims of disability discrimination and violations of the Americans with Disabilities Act ("ADA") and the Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act of 1973 ("IDEA").  The Parties now seek approval of a minor's compromise to resolve the claims brought by Plaintiff A.O.  For the reasons stated below, the Court finds the compromise fair and reasonable and therefore GRANTS the Parties' Motion.

////

////

1

**BACKGROUND**

The facts and procedural posture are largely known by the Parties and will only briefly be recounted here.  Plaintiff A.O. is a minor student who was allegedly diagnosed with Attention-Deficit Hyperactivity Disorder and Generalized Anxiety Disorder.  (Compl. (ECF No. 1) ¶ 4.)  Plaintiff, by and through his parents and guardians *ad litem*, contends that employees of Defendant Fairfield-Suisun Unified School District ("Defendant School District") excluded Plaintiff from participation in classroom instruction and group learning activities more than 80% of the time during distance learning and was denied accommodations and services to which he was entitled during the 2020-2021 school year.  (*See id.* ¶¶ 17–19; Mot. (ECF No. 64) at 1.)  As a result, Plaintiff suffered significant emotional and psychological harm associated with school.  (Compl. ¶ 54.)  Plaintiff filed suit against Defendant alleging disability discrimination and violations of the ADA and Section 504.  (*See generally id.*)

The Parties participated in a private mediation session in January 2025 and ultimately reached a settlement through arm's-length negotiations between experienced counsel for both sides following extensive litigation over approximately three years.  (Supp. Mot. (ECF No. 66) at 1; Supp. Goldsen Decl. (ECF No. 66-1) ¶ 4.)  The Parties then filed the instant Motion for Approval of Compromise of Claim of Minor and submitted supplemental information, as requested by the Court.  The matter was ordered submitted without oral argument pursuant to Local Rule 230(g).  (ECF No. 71.)

**LEGAL STANDARD**

No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.  E.D. Cal. L.R. 202(b).  The Local Rules require that the motion for approval of a proposed minor's compromise disclose, among other things: (1) the age and sex of the minor, (2) the nature of the causes of action to be settled or compromised, (3) the facts and circumstances out of which the causes of action arose,

including the time, place and persons involved, (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise amount, and (5) if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.  *See id.*

Further, the Ninth Circuit held in *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) that Federal Rule of Civil Procedure 17(c) imposes a "special duty" on district courts approving a minor's compromise.  "[T]his special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'"  *Id.* (citations omitted).  However, this "special duty" has a limited scope of review, asking only, "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel."  *Id.* at 1182.  "If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented. . . ."  *Id.*  In making this determination, "courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts."  *Rivett v. United States,* No. 2:21-cv-00717-DAD-AC, 2023 WL 4238909, at *2 (E.D. Cal. June 28, 2023) (collecting cases where the procedural posture was considered, the fact that the settlement occurred at a court-supervised settlement conference was considered, and other compromise were considered).  While the Ninth Circuit limited its holding in *Robidoux* to cases involving the settlement of a minor's federal claims, district courts have applied the *Robidoux* standard to cases involving the settlement of both federal and state claims.  *See Sandoval v. City of Los Angeles,* No. 2:18-cv-10715-FLA-PLA, 2022 WL 22870074, at *1 (C.D. Cal. Aug. 8, 2022).

**TERMS OF SETTLEMENT**

In exchange for the settlement amount, the negotiated settlement provides a release of all claims by Plaintiff against Defendant during Plaintiff's enrollment in the Fairfield-Suisun Unified School District before the execution of the Release.  (ECF No. 64-3, Ex. B.)  The settlement agreement provides a gross total of $40,000.00.  (Supp. Goldsen Decl. ¶ 4.)  Under the terms of the agreement, a net total of $21,359.82 will be paid to Plaintiff.  (*Id.* ¶ 14.)  This net amount would be transferred to custodian for the benefit of the minor under the Texas Uniform Transfers Minors Act and would protect the minor's funds until he reaches the age of majority.  (*Id.* ¶¶ 14–16.)  The agreement also provides that $11,521.18 in costs to the Special Education Collaboration Project and $7,119.00 in attorney's fees will be deducted from the gross total.  (*Id.* ¶¶ 13e.)

**DISCUSSION**

**I.    Local Rule 202(b)(2)**

As discussed above, Plaintiff must provide each of the disclosures required by Local Rule 202(b)(2).  Here, the Motion and supplemental briefing indicate the age and sex of the minor, the nature of the causes of action settled, the facts and circumstances surrounded the causes of action, and the information about the manner in which the compromise amount was reached.  Thus, the Court is satisfied that the requirements in Local Rule 202(b)(2) are met.

**II.    Reasonableness of Settlement**

Here, the gross settlement amount is $40,000.00 and the net settlement amount for Plaintiff is $21,359.82, which will be transferred to a custodian until the minor reaches the age of majority.  The Parties argue that this amount is reasonable because courts have approved minor's compromises in cases involving disability discrimination claims against school districts where emotional distress damages are unavailable.

////

Upon the Court's review of the caselaw, it appears that courts have approved similar settlement amounts in cases against school districts involving IDEA and ADA claims.  *See, e.g., Stanley v. Bellflower Unified Sch. Dist.,* No: 2:21-cv-05054-VAP-AGRx, 2022 WL 3137435, at *4, (C.D. Cal. Jul. 1, 2022) (approving a total gross settlement amount of $30,000 with $7,754.25 from that amount going to attorney's fees for a minor plaintiff bringing claims under the IDEA and ADA against his school district for denying him disability services); *see also T.L. by & through Layne v. S. Kern Unified Sch. Dist.*, No. 1:17-cv-01686-LJO-JLT, 2019 WL 3072583, at *3 (E.D. Cal. July 15, 2019), *report and recommendation adopted*, No. 1:17-cv-01686-LJO-JLT, 2019 WL 3459151 (E.D. Cal. July 31, 2019) (approving a net recovery of $24,750 to the minor plaintiff in an IDEA case where a disabled student was suspended and recommended for expulsion due to disability-related behaviors).

Additionally, the Court assesses the proposed method of distributing the settlement.  Local Rule 202(e) requires "money or property recovered on behalf of a minor to be "(1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person."  E.D. Cal. L.R. 202(e).  Here, the agreement provides the net settlement proceeds will be transferred to a custodial account established for Plaintiff's benefit under the Texas Uniform Transfers to Minors Act, that the custodial account will be held at Fidelity Investments and that Plaintiff A.O. will be entitled to receive the funds upon attaining the age of majority.  (Supp. Goldsen Decl. ¶¶ 14–15.)  The funds cannot be withdrawn or used for any purpose other than A.O.'s benefit prior to that time.  (*Id*.)  The Court finds this proposed method of distribution to be appropriate.

Lastly, the Court notes that Plaintiff's counsel will receive 25% of the net recovery after reimbursement of costs from the gross settlement amount, totaling $7,119.00.  The total costs from the gross settlement are $11,521.18.  (Supp. Goldsen

5

Decl. ¶ 13e.)  Under *Robidoux,* this Court's focus is limited to "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiff['s] counsel."  638 F.3d at 1182.  Further, counsel states that they did not become involved in this matter at the request of an adverse party and do not have any relationship with any defendant in this action.  (Supp. Goldsen Decl. ¶¶ 13a-13e.)

Based on the information provided in the motions and supporting documents and considering the totality of the facts and circumstances of this case, as well as the results achieved in comparable cases in the Ninth Circuit, the Court finds the proposed settlements fair, reasonable and in the best interest of Plaintiff A.O.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED THAT:

1.  Mary Osteraa and Troy Osteraa are hereby appointed as A.O.'s guardians ad litem;

2.  The Parties' Motion for Approval of Minor's Compromise (ECF No. 64) is GRANTED;

3.  The settlement of $40,000.00 is approved as fair and reasonable, with the following distribution: $11,521.18 in litigation costs to Special Education Collaboration Project; $7,119.00 in attorney's fees (25%); and $21,359.82 as net proceeds to Plaintiff A.O. to be distributed in accordance with the terms of the agreement and the Supplemental Declaration of Evan Goldsen (ECF No. 66-1);

4.  The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines and close the case.

Dated:  July 1, 2026

/s/ Daniel J. Calabretta

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE